IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES AKERS and MARK ZACHARIAS, on Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | Class & Collective Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:18-cv-3316 |
| TIM JUNGBLUT TRUCKING, INC. and TIMOTHY JUNG-BLUT, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DAMAGES

This is a proposed collective action brought on behalf of all former and current truck drivers of Defendants ("the Class" and "the Collective Class") against Defendants, Tim Jungblut Trucking, Inc. ("TJT") and Timothy Jung-blut.

### I. Parties

1.     Each member of the Class and Collective Class is or was a truck driver of TJT at all times relevant to this action.

2.     Plaintiff, Mr. Akers, is a resident of Muncie, Indiana.

3.     Plaintiff, Mr. Zacharias, is a resident of Muncie, Indiana.

4.     Defendant, TJT, is an incorporated business that operates a facility in Lebanon, Indiana.

5.     Mr. Jung-Blut is the President of TJT.

6.     Mr. Jung-Blut is the Secretary of TJT.

7.     Mr. Jung-Blut is one of the managers of TJT.

8.     Mr. Jung-Blut is at least partially responsible for determining how the employees of TJT are paid.

## II.  Jurisdiction and Venue

9.     This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiff and the Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

10.     This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

11.     Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III.     Class Action Allegations

12.     Plaintiffs brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of TJT ("the Collective Class").

13.     Plaintiff, Mr. Zacharias, brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of JTJ ("the Driver Class").

14.      Plaintiff, Mr. Zacharias, brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who were employed by JTJ and earned vacation wages ("the Employee Class").

15.     The members of the Driver Class and Collective Class were paid on an hourly basis.

16.     The members of the Driver Class and Collective Class were paid a production point bonus.

17.     The members of the Driver Class and Collective Class were paid a performance incentive.

18.     The members of the Driver Class and Collective Class were paid on a weekly basis.

19.     While the members of the Collective Class were paid overtime premiums for hours worked beyond 40 hours in a workweek, the members of the Collective Class were not paid overtime premiums based upon the correct "regular rate" pursuant to federal law.  Rather, Defendants failed to include the weekly production point bonus and/or performance incentive into the weekly compensation of the members of the Collective Class to calculate the correct "regular rate" which is used to calculate the appropriate overtime premium for a given week.

20.     Upon information and belief, Defendants have been previously sued for violating overtime requirements.

21.     Defendants willfully failed to pay members of the Collective Class the correct overtime premiums.

22.     The members of the Driver Class were not paid a least one performance incentive despite having earned it during the course of their employment with TJT.

23.     The members of the Employee Class were not paid their accrued, unused vacation wages following their separation of employment with TJT.

24.     Plaintiffs knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

The names, contact information, and relevant documentation of members of the classes should be in the business records of TJT.  Notice may be provided to members of the classes or their personal representatives via first class mail and e-mail addresses using techniques and a form of notice similar to those customarily used in class actions.

## IV.    Factual Allegations

25.    Mr. Akers began employment with TJT as a truck driver on April 14, 2014.

26.    Mr. Akers was paid on an hourly basis at all times relevant to this lawsuit.

27.    Mr. Akers earned performance point bonuses at all times relevant to this lawsuit.

28.    Mr. Akers earned performance incentives at all times relevant to this lawsuit.

29.    Mr. Akers earned vacation time.

30.    TJT paid Mr. Akers on weekly basis.

31.    Mr. Akers's hourly rate was $12.00 an hour at all times relevant to this lawsuit.

32.    Mr. Akers was not paid overtime premiums based upon the correctly calculated "regular rate" which included the performance point bonus and/or performance incentive earned by Mr. Akers for a given workweek.

33.    Defendants willfully failed to pay Mr. Akers overtime premiums at the correct amount.

34.    Mr. Akers was terminated by Defendants on February 6, 2018.

35.     Mr. Zacharias began employment with TJT as a truck driver on August 27, 2012.

36.     Mr. Zacharias was paid on an hourly basis at all times relevant to the lawsuit.

37.     Mr. Zacharias earned performance point bonuses at all times relevant to this lawsuit.

38.     Mr. Zacharias earned performance incentives at all times relevant to this lawsuit.

39.     Mr. Zacharias earned vacation time.

40.     TJT paid Mr. Zacharias on weekly basis.

41.     Mr. Zacharias' hourly rate was $12.00 an hour at all times relevant to this lawsuit.

42.     Mr. Zacharias was not paid overtime premiums based upon the correctly calculated "regular rate" which included the performance point bonus and/or performance incentive earned by Mr. Zacharias for a given workweek.

43.     Defendants willfully failed to pay Mr. Zacharias overtime premiums at the correct amount.

44.     TJT failed to pay Mr. Zacharias his performance incentives each and every time that they were earned.

45.     TJT failed to pay Mr. Zacharias his accrued, unused vacation wages following his separation of employment.

46.     Mr. Zacharias quit his employment with TJT on April 27, 2018.

### Count I - Collective Action
### Failure to Properly Pay Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

47.     Plaintiffs incorporate paragraphs 1 through 46 by reference herein.

48.     Plaintiffs and the members of the Collective Class are or were employees of TJT pursuant to the FLSA.

49.     TJT is an employer pursuant to the FLSA.

50.     Plaintiffs and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

51.     TJT had gross revenues of at least $500,000.00 for the 2011 calendar year.

52.     TJT had gross revenues of at least $500,000.00 for the 2012 calendar year.

53.     TJT had gross revenues of at least $500,000.00 for the 2013 calendar year.

54.     TJT had gross revenues of at least $500,000.00 for the 2014 calendar year.

55.     TJT had gross revenues of at least $500,000.00 for the 2015 calendar year.

56.     TJT had gross revenues of at least $500,000.00 for the 2016 calendar year.

57.     TJT had gross revenues of at least $500,000.00 for the 2017 calendar year.

58.     TJT had gross revenues of at least $500,000.00 for the 2018 calendar year.

59.     Mr. Jung-Blut is an employer pursuant to the FLSA.

60.     Plaintiffs and the members of the Collective Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A.     Enter an award for Plaintiffs and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B.     Enter an award for liquidated damages with interest as permitted by the FLSA.

C.     Enter an order awarding Plaintiffs and the members of the Collective Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.     Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW


/s/Ronald E. Weldy_____
Ronald E. Weldy, #22571-49


**Count II - Class Actions**
**Failure to Properly Pay Wages**
**Pursuant to the Wage Payment Statute, I.C. §22-5-1 *et. seq.***

61.     Mr. Zacharias incorporates paragraphs 1 through 60 by reference herein.

62.     Mr. Zacharias and the members of the Driver Class were not paid all of their earned performance incentives due and owing during their employment.

63.     Mr. Zacharias and the members of the Employee Class were not paid all of their accrued, unused vacation time upon their separation of employment.

64.     Mr. Zacharias and the members of the Driver and Employee Classes wer not paid all their wages due and owing in a timely fashion or in the correct amount.

65.     Mr. Zacharias and the members of the Driver and Employee Classes have been damaged by JWBT's violations of the Wage Claims Statute.

WHEREFORE, Plaintiffs pray that the Court:

A.      Enter an award for Plaintiffs for the actual wages owed with interest as permitted by the Wage Payment Statute.

B.      Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D.      Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy_____
Ronald E. Weldy, #22571-49
Proposed Classes & Collective Action Counsel

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: weldy@weldylegal.com