UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES AKERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:18-cv-03316-JRS-MPB |
| | ) |
| TIM JUNGBLUT TRUCKING, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**Order Granting Conditional Certification and
Authorizing Notice of Collective Action Lawsuit**

Plaintiffs move for conditional certification of this proposed collective action under section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (ECF No. 17.) Defendants oppose conditional certification. (ECF No. 31.)

Plaintiffs initially submitted affidavits in support of their motion that lacked signatures. (*See* 1st Akers Aff., ECF No. 17-1; 1st Zacharias Aff., ECF No. 17-4.) Plaintiffs have since filed corrected affidavits with signatures. (*See* 2d Akers Aff., ECF No. 33-1; 2d Zacharias Aff., ECF No. 33-2.) The corrected affidavits moot Defendants' meritorious arguments.

Defendants' remaining arguments fail because they rely on a false premise. Defendants oppose certification of a collective action on behalf of "all present and former truck drivers employed by Tim Jungblut Trucking, Inc. [ ] who were employed on or after October 29, 2015." (ECF No. 31 at 1.) But Plaintiffs do not propose such a collective action; rather, Plaintiffs propose a collective action on behalf of

1

> All present and former truck drivers employed by Tim Jungblut Trucking, Inc. who were employed on or after October 29, 2015 to [the date the compensation policy changed] who were paid overtime at $18.00 per hour and without taking into account the weekly Production Bonus and/or Performance Incentive earned by the truck driver.

(ECF No. 17 at 1.) Having addressed their arguments to a broader class of potential plaintiffs than Plaintiffs' proposed class definition, Defendants' opposition is utterly unpersuasive. Defendants argue that the potential plaintiffs would not be similarly situated because one truck driver did not work overtime, but a truck driver who was not "paid overtime" falls outside the scope of Plaintiffs' definition. Similarly, Defendants argue that not all truck drivers were eligible for production bonuses or performance incentives. But again, a truck driver who did not earn a "weekly Production Bonus and/or Performance Incentive" would fall outside the scope of Plaintiffs' definition.

Plaintiffs have identified a pay practice—namely, Defendants' Driver Compensation Policy (ECF No. 17-2)—common to members of the proposed class. Plaintiffs also allege that the common practice violates the FLSA. While Plaintiffs' claims may ultimately prove meritless, conditional certification does not address the merits of the underlying claims.

Accordingly, Plaintiffs' Motion for Conditional Certification and Notice of Collective Action Lawsuit (ECF No. 17) is **GRANTED** and Plaintiffs may service notice of the collective action on

> All present and former truck drivers employed by Tim Jungblut Trucking, Inc. who were employed on or after October 29, 2015 to [the date the compensation policy changed] who were paid overtime at $18.00 per

hour and without taking into account the weekly Production Bonus and/or Performance Incentive earned by the truck driver.

Moreover, Defendants shall, within ten days, provide to Plaintiffs' counsel, via email, the names, addresses, telephone numbers, dates of employment, locations of employment, and dates of birth of all potential plaintiffs.

**SO ORDERED.**

Date: 8/9/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tessa L. Castner
FROST BROWN TODD LLC (Cincinnati)
tcastner@fbtlaw.com

Neal Shah
FROST BROWN TODD LLC
nshah@fbtlaw.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com

Heather L. Wilson
FROST BROWN TODD LLC (Indianapolis)
hwilson@fbtlaw.com