UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES AKERS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03316-JRS-MPB |
| | ) | |
| TIM JUNGBLUT TRUCKING, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Motions for Partial Summary Judgment**

Plaintiffs Charles Akers and Mark Zacharias allege claims, on behalf of them-selves and all others similarly situated, against their former employer, Defendant Tim Jungblut Trucking, Inc., and Defendant Timothy Jungblut for unpaid overtime wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* (Am. Compl. ¶¶ 50–63, ECF No. 48.) Plaintiffs also allege claims, on behalf of them-selves and a putative class, for unpaid wages under Indiana's wage payment statute, IND. CODE § 22-2-5-1 *et seq.*, and Indiana's wage claims statute, IND. CODE § 22-2-9-1 *et seq.* (*Id.* ¶¶ 64–73.)

Plaintiffs' FLSA claims are at issue in this Entry. Plaintiffs allege that Defend-ants failed to pay truck drivers correct overtime wages by failing to include certain bonuses in the "regular rate" when calculating the overtime premium. (*Id.* ¶¶ 19, 32, 44.) The Court conditionally certified a collective action based on this common pay policy, (ECF No. 61), and several additional plaintiffs have since filed opt-in consent forms, (ECF Nos. 70 to 84).

1

Defendants moved for partial judgment on the pleadings, (ECF No. 49), contending that they are entitled to judgment as a matter of law on Plaintiffs' FLSA claims. Because the motion relied on materials not referred to in the Amended Complaint, the Court converted it to a motion for partial summary judgment. (ECF No. 87.) Plaintiffs responded and filed their own cross-motion for partial summary judgment. (ECF No. 93.) With Defendants' and Plaintiffs' replies now filed, (ECF Nos. 96, 99), both motions for partial summary judgment are ripe for decision.

For the reasons explained below, Defendants' motion (ECF No. 49) is **granted**, Plaintiffs' cross-motion is **denied**, and Plaintiffs' FLSA claims are **dismissed** on the merits with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, and those claims are **dismissed** without prejudice.

## Factual Background

Plaintiffs worked as cement truck drivers for Defendant Tim Jungblut Trucking, Inc., earning $12.00 per hour and $18.00 per hour for overtime. Plaintiffs could also earn a "Production Point Bonus" and a "Performance Incentive Bonus," as set forth in Defendant's Driver Compensation Policy. (Akers Aff., Ex. 1, ECF No. 93-3.) Under the policy, truck drivers earned production points based on various factors, including number of loads of concrete delivered, the distance of those loads, and aggregate tonnage hauled. (*Id.*) The total weekly production points yielded a percentage set forth in the policy. (*Id.*) Drivers also earned a performance incentive based on their performance and tenure with the company, but the performance incentive could be lost

for discipline, an unexcused absence, or tardiness. (*Id.*) The combined percentage—from the production points and the performance incentive, if applicable—would be multiplied by the driver's gross pay (*i.e.*, combined regular and overtime compensation), and the resulting amount was paid as a bonus. (*Id.*)

For example, in the week of May 28, 2017, Zacharias earned production points entitling him to an 85 percent production bonus. (Zacharias Aff., Ex. 3, ECF No. 93-1.) At that time, Zacharias had been with the company for four years, so his performance incentive was ten percent. (*Id.*; Akers Aff., Ex. 1, ECF No. 93-3.) Zacharias received a total bonus of 95 percent (85 + 10) of his gross pay (regular compensation plus overtime). (Zacharias Aff., Ex. 3.) Similarly, in the week of February 11, 2018, Zacharias earned production points entitling him to a 75 percent production bonus. (Zacharias Aff., Ex. 3.) At that time, Zacharias had been with the company for five years, so his performance incentive was 12.5 percent. (*Id.*; Akers Aff., Ex. 1.) He was paid a total bonus of 87.5 percent (75 + 12.5) of his gross pay. (Zacharias Aff., Ex. 3.)

Driving a cement truck requires a CDL with an airbrake endorsement. (3d Akers Aff. ¶ 7.) Various other trucking companies in the area pay cement truck drivers $20.00 per hour or more. Akers now makes $24.90 per hour working for another company. (3d Akers Aff. ¶ 6.)

## Discussion

### A. *FLSA Claims*

The FLSA requires employers to pay employees at least one-and-one-half times their regular rate for all hours worked in excess of forty hours each week. 29 U.S.C.

§ 207(a)(1). Typically, a non-discretionary bonus must be included in an employee's "regular rate" for purposes of calculating the overtime rate. *See* 29 C.F.R. § 778.109; *id.* § 778.110(b). But Department of Labor regulations recognize that a bonus calculated as a percentage of total earnings—*i.e.*, combined regular compensation and overtime compensation—provides for "the simultaneous payment of overtime compensation due on the bonus." 29 C.F.R. § 778.210.

The regulation states:

> In some instances the contract or plan for the payment of a bonus may also provide for the simultaneous payment of overtime compensation due on the bonus. For example, a contract made prior to the performance of services may provide for the payment of additional compensation in the way of a bonus at the rate of 10 percent of the employee's straight-time earnings, and 10 percent of his overtime earnings. In such instances, of course, payments according to the contract will satisfy in full the overtime provisions of the Act and no recomputation will be required. This is not true, however, where this form of payment is used as a device to evade the overtime requirements of the Act rather than to provide actual overtime compensation, as described in §§ 778.502 and 778.503.

29 C.F.R. § 778.210. Plaintiffs contend that the bonuses paid by Defendants—though a percentage of total earnings—do not fall within § 778.210 because (1) the percentages were not predetermined, (2) the regular rate of $12.00 per hour was fictitiously low, and (3) the bonuses were not "true bonuses." (Pl.'s Mem. Resp. 7–10, ECF No. 94.) These three factors, according to Plaintiffs, compel the conclusion that Defendants' compensation policy was a device to evade the overtime requirements. Drawing all reasonable inferences in favor of Plaintiffs, Defendants' policy was an FLSA-compliant, total-earnings-percentage bonus, not a device to evade the overtime requirements.

4

Plaintiffs first contend that the bonuses do not fall within § 778.210 because the percentages were not "predetermined." The regulation mentions "a contract made prior to the performance of services" but does not contain any requirement that bonus percentages be "predetermined." Plaintiffs rely on two Department of Labor opinion letters that describe a bonus meeting the requirements of § 778.210 as "a predetermined percentage of an employee's total compensation." *See* Wage & Hour Div. Opinion Letter FLSA 2006-4NA (Feb. 17, 2006); Wage & Hour Div. Opinion Letter FLSA2004-11 (Sept. 21, 2004).

The opinion letters cited include no discussion of the term "predetermined." The 2004 letter uses the term in passing while determining that a straight dollar-amount bonus, unlike a percentage-of-total-earnings bonus, does not comply with § 778.210. The 2006 letter uses the term in passing while determining that a percentage-of-total-earnings bonus complies with § 778.210. Both letters appear to use the term "predetermined" to distinguish § 778.210 bonuses from discretionary bonuses, which do not need to be included in the regular rate at all, *see* § 778.211, and from the bonuses described in § 778.503, which are manipulated *post hoc* to ensure the employee is paid the same amount each week regardless of hours worked.

Still, the bonuses paid to Plaintiffs were "predetermined" in the relevant sense: the percentages were established beforehand by contract, and they varied in accordance with the contract based only on the truck driver's performance (loads, aggregate tonnage, tenure, attendance, discipline, etc.), not as a makeweight used by Defendants to pay a fixed weekly wage.

For these same reasons, the bonuses were "true bonuses." Plaintiffs argue that the bonuses were not true bonuses because they were paid regardless of the effort expended by truck drivers. Plaintiffs rely on § 778.502(a), which states:

> The term "bonus" is properly applied to a sum which is paid as an addition to total wages usually because of extra effort of one kind or another, or as a reward for loyal service or as a gift. The term is improperly applied if it is used to designate a portion of regular wages which the employee is entitled to receive under his regular wage contract.

Here, the performance incentive was based on "loyal service"—length of employment with the company—as well as attendance and compliance with company rules. The production bonus was based on the truck driver's productivity: the number of loads, aggregate tonnage hauled, load distance, and so on. It varied based on the employee's efficiency, not based on the difference between the employee's hourly earnings and a fixed weekly wage. Accordingly, Defendants' compensation policy does not resemble the exceptions to § 778.210 set forth in §§ 778.502 and 778.503.

Finally, Plaintiffs argue that the bonuses were a device to evade the overtime requirements because the $12.00 hourly rate was fictitiously low given the job requirements (CDL with airbrake endorsement) and the rate paid by other trucking companies ($20.00 per hour or more). In support, Plaintiffs cite the Department of Labor's Field Operations Handbook § 32c04(a):

> Whether a bonus may be distributed as a percentage of total earnings of each participating employee . . . to achieve compliance with the overtime provisions of the FLSA . . . depends on whether the additional money to be paid is a true bonus or whether it is a device to evade the payment of overtime. If the so-called regular rate of the employee is so low as to be obviously fictitious, the bonus in all probability will be a part of the regular straight-time earnings upon which overtime compensation must be computed.

This passage appears to be an explanation of § 778.503, which describes schemes to evade the overtime requirements and pay a fixed weekly wage. "Such bonuses . . . are generally separated out of a fixed weekly wage and usually decrease in amount in direct proportion to increases in the number of hours worked in a week in excess of 40. *The hourly rate purportedly paid under such a scheme is artificially low*, and the difference between the wages paid at the hourly rate and the fixed weekly compensation is labeled a percentage of wage 'bonus.'" 29 C.F.R. § 778.503 (emphasis added).

While a low regular rate may be a red flag for investigators at the Department of Labor, it is not in itself a violation of the FLSA so long as it complies with the minimum wage. *See Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). Plaintiffs' regular rate ($12 per hour) exceeded the minimum wage. And unlike the bonuses described in § 778.503, the bonuses here were not separated out of a fixed weekly wage and did not decrease in proportion to increases in overtime hours. (To the contrary, Akers's bonuses *increased* in proportion to increases in overtime hours.) As discussed above, there are no other indicia that the compensation policy was a device to evade the overtime requirements. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' FLSA claims.

## B. Equitable Tolling

Plaintiffs also move the Court to toll the statute of limitations for later opt-ins to the FLSA collective action. Because Plaintiffs' FLSA claims are dismissed on the merits by this Entry, tolling is moot.

*C. Remaining State-Law Claims*

The Court's jurisdiction in this case arises from Plaintiffs' federal-law claims, with supplemental jurisdiction over the state-law claims authorized by 28 U.S.C. § 1367. All Plaintiffs' federal-law claims are dismissed by this Entry, and "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . the district court has dismissed all claims over which it has original jurisdiction"). The Court therefore declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. Pursuant to § 1367(d), the limitations periods for those state-law claims have been tolled—*i.e.*, the limitations clock has been stopped—for the pendency of this case and shall be tolled for an additional thirty days from this Entry, so Plaintiffs will not be unduly prejudiced by dismissal. *See Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018) ("We hold that § 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock.").

## Conclusion

For the reasons explained above, Defendants' motion for partial summary judgment (ECF No. 49) is **granted**, Plaintiffs' cross-motion for partial summary judgment (ECF No. 93) is **denied**, and Plaintiffs' FLSA claims are **dismissed** on the merits **with prejudice**. The Court declines to exercise supplemental jurisdiction over

Plaintiffs' remaining state-law claims, and those claims are **dismissed without prejudice** for lack of jurisdiction.  All other pending motions are **denied as moot**.  Final judgment will be entered separately.

**SO ORDERED.**

Date:  3/25/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tessa L. Castner
FROST BROWN TODD LLC (Cincinnati)
tcastner@fbtlaw.com

Neal Shah
FROST BROWN TODD LLC
nshah@fbtlaw.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com

Heather L. Wilson
FROST BROWN TODD LLC (Indianapolis)
hwilson@fbtlaw.com